LIU & SHIELDS LLP
41-60 Main Street, Suite 208A
Flushing, New York 11355
Tel: 718-463-1868
Fax: 718-463-2883
shieldscj524@gmail.com

May 24, 2021

*BY ECF*
Hon. Sanket J. Bulsara, USMJ
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      RE:    *Liu, et al v. Wing Keung Enterprises, Inc.*, et al, Case No. 20-cv-5651(KAM-SJB)
               <u>Letter Motion for Permission to File Motion for Clarification/Reconsideration</u>

Dear Judge Bulsara:

      We represent the Defendants in the above-referenced action. Pursuant to this Court's Orders in the first filed action (case number 18-cv-5044) dated April 23, 2020 (Doc. 71) and April 14, 2021 (see docket entry dated April 14, 2021), the Defendants respectfully submit this letter seeking permission to file a 2-page motion for clarification/reconsideration of this Court's Report and Recommendation dated May 12, 2021 (Doc. 14 in the action with the case number 20-cv-5651) (the "Order").

      In the Order, citing the allegations in the Plaintiffs' Complaint, the Court stated that "[t]he relationship between the Liu I Defendants and WKFC is sufficiently close that they all are in privity." Doc. 14, at 10. The Defendants understood the Court's statement to mean that, according to the Plaintiffs' ***allegations***, Plaintiffs had alleged privity such that they were required to move to amend in the first action, and improperly filed the second action unilaterally. Indeed, Defendants stated in their opening brief at page 5, footnote 4, that they did not concede privity. Doc. 80 in the first action. Since the briefing on this issue was based on the pleading filed by the Plaintiffs and there was no evidentiary hearing, the Order was akin to a decision on a pre-answer motion to dismiss, and there was no finding of fact regarding privity. Instead, we believe that the Court intended to state that since the Plaintiffs asserted privity between WKFC and the pre-existing defendants, Plaintiffs were required to seek leave to amend in the first action.

      In light of the above, the Defendants respectfully request permission to file a 2-page motion for clarification/reconsideration that the Court did not make a finding of fact regarding privity in the Order, since, as written, the Order could be used against the Defendants. To the extent that the Court cannot reach a determination on the Defendants' motion before the May 26 deadline to submit objections to the Order, Defendants will respectfully submit a short objection on the basis articulated in this letter.

                                                                                     Respectfully submitted,
                                                                                   */s Carolyn Shields*
                                                                                   */s Tom M. Fini*
                                                                                   Attorneys for Defendants

cc by ECF:
Mr. Heng Wang, Esq.